## WYLIE *v.* PEARSON.[*]

*(Circuit Court, S. D. New York. February 28, 1882.)*

**MAIL MATTER—STOLEN BONDS—RECOVERY FROM POSTMASTER.**

Where bonds, the property of plaintiff, had been stolen from a bank and afterwards deposited in the post-office at New York for transmission through the mail, but were returned, the addressee not being found, and were held by the postmaster under instructions from the department to await legal action on the part of the bank, *held*, that plaintiff could recover such bonds from the postmaster.

At Law.

*George H. Adams,* for plaintiff.

*Samuel B. Clarke,* Asst. U. S. Atty., for defendant.

SHIPMAN, D. J. This is an action at law, which was tried by the court, a jury having been waived by written stipulation of the parties. The facts in the case are as follows:

On March 24, 1881, a person representing himself to be E. R. McLean, of 220 Broadway, New York city, deposited in the New York city post-office the four bonds described in the complaint, of the value of $4,400, for transmission by mail, by registered letter directed to J. Grey, at a specified street and number in London, England. These bonds were then and ever since have been the property of the plaintiff, and had been stolen by burglars from the banking-house of the Northampton National Bank, to which she had entrusted them for safe-keeping. A large amount of other property was stolen at the same time. Neither of the persons purporting to be McLean and Grey had any rightful title to the bonds, but knew that they were stolen property, and were confederates and accessories in the robbery.

The envelope containing the bonds was sent by mail in due course to London. Grey was not found. The package was returned to the dead-letter office in Washington, with the words "gone away" indorsed on the envelope as the reason for non-delivery. The package was then opened, and both bonds and envelope were sent to the defendant, who was and is the postmaster at the city of New York, with the letters of instruction recited in the answer. Mc-

*Reported by S. Nelson White, Esq., of the New York bar.

Lean could not be found, his address was fictitious, and, upon investigation by the deputies of the defendant, the bonds were found to be a part of those which had been stolen from the said Northampton Bank. The post-office department was informed of the facts, in reply to its letter dated July 25, 1881, and on July 27, 1881, the defendant received the following and final instructions from the department: "Instead of returning the said letter to this office, as requested in my communication of the twenty-fifth inst., you are hereby authorized to detain it, subject to such legal action as may be taken by the Northampton National Bank to recover the stolen bonds." * * * The bonds were subsequently replevied in the present suit, and are in the possession of the plaintiff.

I find the issues for the plaintiff, and therefore find for the said plaintiff to retain possession of the bonds described in her complaint, and to recover of the defendant the sum of six cents damages, and direct that judgment be entered accordingly. The facts in the case are very exceptional, and do not raise the question of a right to replevy property which is in the custody of a postmaster for transmission by mail. It is not intended to decide that replevin will lie against a postmaster in favor of a person, neither the sender of the letter nor the one to whom it is addressed, to gain possession of letters or packages while they are in a post-office for transmission by mail, or while they are being held in a post-office in the usual and ordinary course of business for delivery to the party addressed. These bonds were not, at the time of the replevin, ordinary mail matter for transmission by mail, but were held by the defendant, under the instructions of the department, to await the result of the legal action of the rightful owner.